AO 241
REV 6/92

**PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

## United States District Court

| | District   EASTERN |
|---|---|
| Name   FRANKIE EVELYN FOREMAN | Prisoner No.      112577 |

**FILED**
EASTERN DISTRICT COU
DISTRICT ARKANSAS

| Place of Confinement | |
|---|---|
| WRIGHTSVILLE UNIT, A.D.C. | **4-02.CV.00338HDY** |
| P.O. BOX 1000 | |
| WRIGHTSVILLE, ARKANSAS. 72183 | |

JUN 0 5 2002
JAMES W. McCORMACK CLERK
By:
DEP CLERK

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| FRANKIE EVELYN FOREMAN | LARRY NORRIS |

V.

The Attorney General of the State of:

ARKANSAS, MARK PRYOR          This case assigned to District Judge _____

and to Magistrate Judge _____

### PETITION

1. Name and location of court which entered the judgment of conviction under attack   PULASKI COUNTY,
   LITTLE ROCK,ARKANSAS

2. Date of judgment of conviction    APRIL 2,1998

3. Length of sentence   THIRTY (30) YEARS

4. Nature of offense involved (all counts)   UNLAWFUL DISCHARGE OF A FIREARM FROM A VEHICLE 1st.

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury         ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241
REV 6/82

9  If you did appeal, answer the following:

(a) Name of court _ARKANSAS COURT OF APPEAL_

(b) Result _____AFFIRMED_____

(c) Date of result _____MARCH 1, 2000_____

(d) Grounds raised _THE GRATUITOUS REMARKS MADE BY OFFICER STUMBAUGH WERE SO PREJUDICIAL_

_THAT THE COURT SHOULD HAVE GRANTED APPELLANTS MOTION FOR MISTRIAL._

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _PULASKI COUNTY CIRCUIT COURT._

(2) Nature of proceeding _RULE 37 PETITION_

(3) Grounds raised _(1) COUNSEL WAS INEFFECITIVE BECAUSE HE DID NOT INFORM COURT_

_OF "INTENT" OF A.C.A. 5-74-107; (2) COUNSEL WAS INEFFECTIVE FOR FAILING_

_TO SUBPEONA DET. NICHOLAS WHO WOULD HAVE IMPEACHED STATES WITNESS_

_PATRICK DONLEY; (3) COUNSEL WAS INEFFECTIVE FOR FAILURE TO REQUEST THE_

_LESSER INCLUDED OFFENCE OF BATTERY 1st DEGREE IN JURY INSTRUCTION._

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _DENIED_

(6) Date of result _8-21-00_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _N/A_

(2) Nature of proceeding _N/A_

AO 241
REV 6/82

    (3) Grounds raised   N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☒  N/A
    (5) Result   N/A

    (6) Date of result   N/A

 (c) As to any third petition, application or motion, give the same information:
    (1) Name of court   N/A

    (2) Nature of proceeding   N/A

    (3) Grounds raised   N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☒  N/A
    (5) Result   N/A

    (6) Date of result   N/A

 (d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☒   No ☐
    (2) Second petition, etc.      Yes ☒   No ☐
    (3) Third petition, etc.       Yes ☐   No ☐  N/A
 (e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
        N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 6/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____SEE ATTACHED_____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____SEE ATTACHED_____

_____

_____

_____

_____

_____

B. Ground two: _____SEE ATTACHED_____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____SEE ATTACHED_____

_____

_____

_____

_____

_____

AO 241
REV 6/82

C   Ground three:  _____ SEE ATTACHED _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

SEE ATTACHED

_____

_____

_____

_____

_____

D.  Ground four _____ SEE ATTACHED _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

SEE ATTACHED

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing _____ N/A _____

_____

(b)  At arraignment and plea _____ N/A _____

_____

AO 241
REV 5/82

(c)  At trial _____ N/A _____

_____

(d)  At sentencing _____ N/A _____

_____

(e)  On appeal _____ N/A _____

_____

(f)  In any post-conviction proceeding ____ N/A _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding ____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒   No ☐
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

EASTERN DISTRICT-FEDERAL COURT LITTLE ROCK DIVISION

(b) Give date and length of the above sentence: 1998-SENTENCE IMPOSED WAS SIXTYTHREE(63)

MONTHS; POSSESSION OF FIREARM-INTERSTATE COMMERCE

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5 - 28 - 02
(date)

_____

Signature of Petitioner

## Statement of the Case

On April 2, 1998, petitioner was held to jury trial in the Pulaski County Circuit Court, The Honorable David B. Bogard Presiding, Charged with unlawful discharge of a firearm from a vehicle, in violation of **A.C.A. 5-74-107.** Petitioner was represented by the Honorable Dale Adams, P.A. Esq., A verdict of guilty was had and petitioner was sentenced to a term of thirty (30) years in the Arkansas Department of Corrections. On October 6, 1999, A direct appeal was perfected and filed with the Arkansas Court of Appeals in Case No. **CACR – 98-1348.** The Honorable Patrick J. Benca, for the petitioner. Issue(s) raised were:

**The Gratuitous Remarks**
**Made by Officer Stumbaugh**
**Were so Prejudicial that**
**The Court should have granted**
**Appellants motion for Mistrial**

On March 1, 2000 The Arkansas Court of Appeals affirmed petitioner conviction and sentence. On April 25, 2000 A timely rule 37 petition was filed in Pulaski County Circuit Court, As well as an additional petition entitled " Additional Grounds in Rule 37 Petition." Issue(s) raised were:

**1. Counsel was ineffective**
**because he did not inform**
**the court of the "intent" of**
**A.C.A. 5-74-107.**

**2. Counsel was ineffective for**
**failing to subpoena Detective**
**Nicholas who would have impeached**
**A states witness, Patrick Donley.**

**3. Counsel was ineffective for
failure to request that a lesser
included charge of Battery in the
1$^{\underline{st}}$ degree be submitted to the
Jury for it's deliberations.**

On August 24, 2000 The Sentencing Court issued an order denying
petitioner's rule 37 petition without holding an evidentiary hearing.
Petitioner then filed a timely notice of appeal and designation of records to
the Pulaski County Circuit Court clerk.  After sixty (60) days, when the clerk
still had not tendered the record, petitioner wrote numerous letters
attempting to get her to do so.  She totally failed to respond or communicate
with petitioner in any way.  Petitioner then filed a motion for extension of
time to tender the record on December 8, 2000.  On January 29, 2001 an
extension order was granted, however, unbeknownst to petitioner – the
circuit court clerk did tender the record late to the supreme court case
coordinator who refused to docket the record.  On May 2, 2001 petitioner
filed a motion for belated appeal in a good faith effort to give the Arkansas
Supreme Court an opportunity to reach a decision based upon the merits of
the claims as raised in the Rule 37 petition and amended petition.  The
Supreme Court of Arkansas subsequently denied petitioner's motion for
belated appeal in June 2001 thereby effectively shutting down any viable
appellate review in state court.  It is from that denial that petitioner now
comes before this honorable court with his 2254 federal writ of habeas
corpus.

## Points on Appeal
### One

Petitioner's Sixth Amendment Right to the Effective Assistance of Counsel was violated when Counsel Failed to Object at Trial to Appellant being charged under the wrong statute.

### Two

Petitioner's Sixth Amendment Right to the Effective Assistance of Counsel was violated when Counsel failed to subpoena Little Rock, AR. Police Detective Nicholas.

### Three

Petitioner's Sixth Amendment Right to the Effective Assistance of counsel was violated when counsel failed to Request that the lesser included offence of battery in the 1st degree be submitted to the jury for it's deliberation.

### Point
### 1

**Appellant's Sixth Amendment Right to the effective assistance of counsel was violated when counsel failed to object at trial to appellant being charged under the wrong statute**

## Argument

In the case at bar, The evidence supporting the above referenced point is crystal clear. The petitioner, ( Hereinafter referred to as Frankie ) Requested his Attorney move to dismiss the charges and inform the court as to the "intent" of the statute the state erroneously charged him with. Counsel refused. The state charged Frankie under a group of laws entitled " Arkansas Criminal Gang, Organization, or Enterprise Act." Embodied in **A.C.A. 5-74-101 Thru 109.** The purpose of this act and the Legislative intent has been made clear as outlined in **A.C.A. 5-74-102** and states in pertient part(s):

### 5 – 74 – 102 (A)

The general Assembly of the state of Arkansas hereby finds and declares that it is the right of every person, Regardless of Race, Color, Creed, Religion, National Origin, Sex, Age, or Handicap, To be secure and protected from fear, intimidation, and physical harm caused by the activities of **Groups** engaging in random crimes of violence, and committing crimes for profit and violent crimes committed to protect or control market areas or "turf." **(Emphasis Added )**

( **C** ) The general assembly of the State of Arkansas further finds that criminal gangs, Organizations, and enterprises control their market areas by terrorizing the peaceful citizens in their neighborhoods with deliberate and random acts of violence. "Drive – By" Shootings are becoming all to common

in many Arkansas cities. One of the primary reasons for the increased homicide rate is the use of firearms by criminal gangs, organizations, or enterprises to control the crack cocaine market within their geographical " Turf."

( E ). It is the intent of the general assembly of the State of Arkansas to use as a model the Federal continuing criminal enterprise statute, **21 U.S.C. 848.** This should provide law enforcement officers, Prosecutors, And our courts with ample case law to guide in the interpretation of the language and the legislative intent. It is furthermore the intent of the general assembly to focus the states law enforcement agencies and prosecutors on investigating and prosecuting all ongoing organized criminal activity and to provide for penalties that will punish and deter organized ongoing criminal activity.

In the case at bar, It is abundantly clear that the legislative intent of this "group" of laws was to "curb" gang and illegal organizations activities with respect to increasing organized crime within the State of Arkansas. At no time during the course of Frankie's trial does the record reflect that he was a gang member, Involved in gang activity, Organizations or illegal enterprises. It is clear that the legislative intent of those laws was not aimed at those who commit individual crimes uninvolved with illegal organized activities or enterprises. The state has laws on the books to deal with those type crimes.

specifically; Battery in the 1st degree, which is codified in **A.C.A. 5-13-201**, and states in pertinent part:

> **5-13-201-(A):**
> **A person commits battery in the**
> **first degree if:**
> **(A)(1)With the purpose of causing serious**
> **physical injury to another person,**
> **He causes serious physical injury to**
> **any person by means of A deadly**
> **weapon; or**
>
> **(A)(2) With the purpose of Seriously and**
> **permanently disfiguring another**
> **person or of destroying, Amputating,**
> **or permanently disabling A member**
> **or organ of his body, He causes such**
> **an injury to any person; or**
>
> **(A)(3) He causes serious physical injury**
> **to another person under circumstances**
> **manifesting extreme indifference to the value**
> **of human life.**

Battery in the first degree is A class "B" felony, punishable by up to twenty years in prison, while Unlawful discharge of A firearm from A vehicle is A class "Y" felony punishable by 10-40 years or life in prison. And Frankie opines that it is A class "Y" felony because the legislature of Arkansas wanted laws on the books with severe penalties embodied in them to curb and dissuade those specific individuals involved in organized gangs and illegal group activities, from committing organized crimes. The prosecutor abused his discretion by erroneously charging Frankie with the most severe statute and counsel was ineffective for not objecting at trial to this abuse of

discretion and informing the court of the "intent" of those laws with which Frankie had been charged, and then moving to have the charge dismissed. To prove ineffective assistance of counsel, Frankie must demonstrate;

**(1).   That counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment, and;**

**(2).   But for counsel's errors, the factfinder would have had A reasonable doubt respecting guilt.**

**Strickland vs. Washington 466 U.S. 668 (1984)** Here it is abundantly clear that counsel's performance fell well below the objective standard of reasonableness in that no counsel working or performing up to standard would knowingly allow his client to go to trial facing A maximum sentence of life in prison charged under A statute not applicable to his alleged crime when he is aware that his client should have been charged under a different statute carrying a maximum sentence of twenty (20) years. With respect to the prejudice prong of the ineffective assistance standard, there is no question the fact finder would have had reasonable doubt regarding guilt as the jury would have had to render A verdict of not guilty and would not have been able to sentence Frankie to thirty years in prison. Criminal statutes must be strictly construed.

**State vs. Scarmardo, 565 S.w.2d 414 (1978).** Penal statutes are strictly construed with all doubts resolved in favor of the defendant. **Id.**

Additionally, the U.S. Supreme Court went on further to elaborate in

**United States vs. Resnick, 299 U.S. 207 (1936)** That; Criminal statutes are to be strictly construed in favor of the accused; THEY MAY NOT BE HELD TO EXTEND TO CASES NOT COVERED BY THE WORDS USED. P-209. **(Emphasis added).**

**And for those reasons Frankie submits that his conviction and sentence should be reversed and held for naught.**

## POINT

## 2

**Petitioner's sixth amendment right to the effective assistance of counsel was violated when counsel failed to subpoena Little Rock, AR. Police Detective Nicholas.**

## ARGUMENT

In order to sustain a showing of ineffective assistance of counsel the United States Supreme Court has opined in **Strickland Vs Washington, 466 U.S. 668, 104 S. CT. 2052 (1984)** that a criminal defendant must overcome the two (2) prong test of cause and prejudice. Counsel's performance must have fallen below a reasonable objective of standards in his representation of a

criminal defendant and the defendant must have been prejudiced by that deficient performance.  As regards a showing of prejudice the onus is but for counsel's errors, the results in all probability would have been different. **Id.** In the case at bar, the record will reflect that the two-prong test is met and surpassed.  As regards the cause prong the petitioner submits that counsel was ineffective for failing to subpoena and/or double subpoena Detective Nicholas during the case in chief.  The prosecution's entire case hinged upon one person, the victim, Mr. Patrick Donley, whose sole testimony sufficed to sway the jury in a finding of guilt.  During Mr. Donley's testimony it was shown that Mr. Donley's version of the events differed substantially with respect to the necessary element that he (Donley) was shot from a vehicle. In a sworn statement Donley gave to Detective Nicholas after the crime occurred, no mention of a vehicle was alluded to.  Mr. Donley, who we note has been convicted of numerous felonies and in and out of prison several times prior to the alleged crime and who is currently now incarcerated serving a very lengthy prison term, never stated in his statement to Detective Nicholas that the man who shot him did so from inside of a vehicle.  As partial colloquy of Mr. Donley's testimony in court is as follows:

## DIRECT EXAMINATION

By Ms. Thomas:

q. Please state your full name for the court, sir.

a. Patrick Allen Donley.

q. And where do you live?

a. 1500 West 26th.

q. Who do you live with?

   Maddie Butler, my grandmother.

q. Your grandmother?

a. Yes.

q. Ok, Patrick, do you remember what happened on April 26, 1996?

a. Yes Ma'am.

q. Ok. And what was it that you remember?

   I was washing my car. I was coming from the money machine. I needed some change, so I went to the money machine, and then coming back to my car, I ran into a guy named Edgar. And he and I, we briefly spoke, and he told me somebody in the car wanted to speak to me. So I went to the passenger side of the car, and the window came down. That's when I saw

)

Frankie Foreman, and he and I, we had a little conversation.  The next thing I saw was sparks coming out of the car, and he sped off.

q.  Ok.  Did you see a gun?

a.  It was so fast.  I mean, it was - - - I saw it, but I was shocked, but I saw the fire, you know, come out.

Ok.  Now, you referred to a person named Frankie Foreman.  Is that person in the courtroom today?

a.  Yes, he is.

And can you identify him for us, sir?

Yes, ma'am, I can.

q.  Where is he?

a.  Right there (pointing).

q.  Ok.  And what is he wearing?

a.  He's wearing a gray suit, a red tie, has a little beard, long hair.

Ok.  Thank you.

Ms. Thomas:  Your honor, please let the record reflect this witness has identified the defendant in this case.

(T-0102-0103)

From the above mentioned testimony the witness/victim has positively

identified petitioner as the person who shot him and positively states that at

the time of the shooting petitioner was sitting inside a vehicle conversing

with him through the passenger side window.  A necessary element of the

crime for the jury to render a finding of guilt as to the offence charged, i.e.

discharging a firearm from a vehicle.  After the alleged crime occurred, the

victim, Patrick Donley, was interviewed and questioned by Little Rock

Police Detective Nicholas.  During the course of that interview at no time

did Patrick Donley state that Frankie Foremen shot him from a vehicle –

only that Frankie Foreman allegedly shot him.  During cross examination on

Patrick Donley by Defense Attorney Dale Adams, Donley steadfastly

maintained that his statement to Detective Nicholas and his testimony at the

trial was consistent with respect to the issue of Frankie Foreman allegedly

shooting him from a car, thereby opening the door to attack the reliability

and consistency of the testimony of Patrick Donley, who in pertinent fact

was the state's whole case against Frankie Foreman.  During pre-trial

discovery, a bill of particulars was given to the defense listing Detective

Nicholas as being a witness in the state's case and as being subpoenaed for

trial.  However, on the day of trial, the defense counsel, Dale Adams,

discovers that the prosecutor, Mr. McCormick, released Detective Nicholas

from the subpoena and told him he did not intend on calling him as a witness. The prosecution was fully aware that the testimony on the day of trial by Patrick Donley would differ substantially from his statements to Detective Nicholas during his initial interview and did not want to raise the possibility of that fact **'rearing its ugly head'.** Additionally, in furtherance of proof that Patrick Donley never told Detective Nicholas that Frankie Foreman shot him from a vehicle, the prosecution had initially charged Frankie Foreman with first-degree battery, a charge consistent with the statement Patrick Donley provided during his interview with Detective Nicholas. Dale Adams's omission to double subpoena Detective Nicholas for trial, thereby ensuring his presence, could possibly be construed as an oversight that could have been corrected through other means, avenues or trial strategies if **not** for the fact that Detective Nicholas' testimony was crucial to rebut the **only** evidence that the state had to offer as a burden of proof necessary to sustain a finding of guilt. Dale Adams admitted in court, on the record, that he was ineffective for not double subpoenaing Detective Nicholas as is shown in the partial colloquy herein:

**The court:**  Was he subpoenaed?

**Mr. Adams:**  He was on their list of witnesses.

I cannot count on them. But they've got a right to - - - certainly, they've got a right to make their own case, but when they tell me he's on their witness list, then I presume he's going to be here, and I don't have to issue a double subpoena. But I, you know, they didn't call him. They didn't subpoena him, judge, even after he was on their witness list. So, basically I'm saying that I'm ineffective for not calling him, but I had no idea he was not going to be here.

**The court:** Well, he's not here, so I don't know what you want to do.

**Mr. Adams:** My defense was that, you know, he took that statement.

**The court:** He's not here. I mean, what do you want me to do?

**Mr. McCormick:** Your honor, let me be clear. There was a subpoena issued originally; however, we told him that we did not intend to call him. He was subpoenaed and listed on the list, but we told him we didn't intend to call him today and he did not need to be here. And I think once he's here and available for court, we can't tell him to leave without leave of the court. But prior to his - - - the date of trial, judge - - .

**The court:** Well, anyway, he's not here. So, I mean, that's all nice and good, but he's not here. So what do you want to do?

**Mr. Adams:** Judge, if they had originally subpoenaed him and then cut

him loose, I'd ask for a forthwith to have him come here.

**The court:**  Where is he?

**Mr. McCormick:**  Your honor, he's at training.  Furthermore, judge, I think what the defense is going to try to do with him is ask him about statements that Mr. Donley made.  I don't think Mr. Donley specifically said, "I didn't say that."  He said, "I told them what happened."

**The court:**  Why don't you just introduce his statement?  Do you have a problem introducing the statement?

**Mr. McCormick:**  Your honor, there may be some things in there - -.

**Mr. Adams:**  That would clear it up if I could introduce the statement.

**Mr. McCormick:**  Well, I need to look at what he's going to try to - - .

**The court:**  Who else are you going to call?

**Mr. Adams:**  I've got two short ones.

**The court:**  Well, let's call those, and then we'll see about his other.

(T-201-203)

The following is a brief partial colloquy of the cross examination of the victim, Patrick Donley by Defense Attorney Dale Adams:

q.  But you never told the police officers, in your first statement or statements - - - and you made several statements.  In those first statements, you never told them anything about Mr. Foreman being in a car, did you?

a.   Well, I - -

q.   Yes or no?

a.   If I talked to them and told them that, that's true.  He was in the car.  I was shot.  Frankie Foremen shot me out of a car.

q.   The question I asked you: isn't it true, Mr. Donley, that you never told any of the police officers this?

a.   Anybody who asked me, I told him.  So it's true, I did tell him.

q.   All right.  Mr. Donley, you agree that it's not in the statement you gave on May 16th, correct?

a.   I don't agree.

q.   You don't agree?

a.   I don't agree.

(T-137)

As is clearly shown from the above, the dispute is final.  Patrick Donley disagrees with the content of the transcribed statement he gave on May 16th and what he told to Detective Nicholas on that date as to the circumstances surrounding the shooting.  It is also abundantly clear that defense counsel, Mr. Dale Adams, premised his entire defense on testimony he was hoping to elicit from Detective Nicholas as to the inconsistency of the statement Patrick Donley made on May 16th, and what he testified to during the trial.

Mr. Adams capitulation as to this matter being rectified with the introduction

of the statements was gross error and negated, especially when Patrick

Donley disputed the statement he gave on May 16th to Detective Nicholas.

The record remains silent from this point on as to whether or not that

statement was in fact introduced in whole or in part.  The petitioner was

charged with discharging a firearm from a vehicle, the whole defense of this

case hinged on the reliability, credibility, and testimony of the victim.

Defense counsel in no uncertain terms **'dropped the ball'** in his stratagem

or representation and didn't even make an effort to bend over and pick it

back up.  While it is clearly understood that the calling of witnesses is

largely defense strategy, in this case it goes much further.  In considering a

ineffectiveness claim, the court must consider the totality of the evidence

before the jury and must judge the reasonableness of counsel's conduct.  The

court opined in **<u>Dumond vs State, 294 ARK. 379, 743 S.W.2d. 779 (1998)</u>.**


**An error by counsel, even if professionally unreasonable, does not**

**warrant setting aside the judgment of a criminal proceeding if the error**

**had no effect on the judgment.**


In the case at bar, the record reflects that counsel's error to not subpoena,

double subpoena, Detective Nicholas, did in fact undermine the outcome of

this trial and subsequent conviction of discharging a firearm from a vehicle.

Had Detective Nicholas been called by the defense counsel, he could have

verified the contents of the statement given to him on May 16th by Patrick

Donley, disputed Donley's claim that he (Donley) did in fact tell the police

officers that Frankie Foreman shot him from a car.  Without reliable

testimony showing beyond a reasonable doubt that Frankie Foreman shot

this man while sitting in a vehicle, no conviction could have been had for

discharging a firearm from a vehicle.  Had other testimony been had during

the case in chief placing Frankie Foreman in a vehicle during the

commission of this offence, then Patrick Donley's testimony would not have

been so crucial in respect to the element of the offence.  But there was no

other evidence, **only Patrick Donley's testimony.**  Petitioner asserts that it

is clearly evident from the record and circumstances of this crime that

counsel's performance fell below a reasonable objective of standard and that

but for counsel's errors the likelihood and probability is that a jury would

have rendered a verdict of not guilty of discharging a firearm from a vehicle.

The two-prong burden of proof as is required in Strickland Supra, has been

met and for this reason the judgment and conviction should be reversed and

held for naught.

## POINT

### 3

**Petitioners Sixth Amendment Right to the effective assistance of counsel was violated when counsel failed to request that the lesser included offence of Battery in the first-degree be submitted to the jury for it's deliberation.**

### Arguments

In the case at Bar, the record is clear cut and concise. Petitioner was originally charged with battery in the first-degree, in violation of **A.C.A. 5-13-201-A** which states:

> **A person commits battery in the first degree if:**
>
> **(A) (1) With the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; or**
>
> **(A) (2) With the purpose of seriously and permanently disfiguring another person or permanently disabling a member or organ of his body, he causes such an injury to any person.**
>
> **(A) (3) He causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.**

Battery in the first degree is a class "B" felony, punishable by five to twenty years in prison, and/or up to a $15,000 fine. Prior to trial, the state came back and amended the charging information upgrading the charge to

discharging a firearm from a vehicle, in violation of **A.C.A 5-74-101 thru 109,** a class "Y" felony punishable by up to life in prison.  While it is well understood that the state has a very wide latitude as to what degree offence or charge they bring against a criminal defendant while considering charges, and that in and of itself is not a point of contention, it is also well established that the state determines what charges if any to bring against a citizen by reviewing the police case file, witness/victims statements, police reports, etc., and then filing the appropriate charges, during the case in chief, controversy surrounded one central issue; did Frankie shoot the victim, Patrick Donley, from inside a vehicle?  The state's whole case hinged upon one thing:   The victims testimony during the course of cross examination of the victim, inconsistent statements were adduced and shown that the possibility existed that Frankie did not shoot Patrick Donley from a vehicle. If in fact a jury could have determined that enough doubt existed as to whether or not Frankie shot this man from a vehicle, then a conviction could have been sustained for Battery in the first degree which carries a much less severe penalty than does discharging a firearm from a vehicle.   It is incumbent upon defense counsel to request that a lesser included offence be submitted to a jury when evidence and/or testimony exist in the case in chief or has been adduced that would cast reasonable doubt upon proving all

elements of the offence charged, but able to sustain a conviction of a lesser included offence. I.E. Battery in the first degree. Numerous cases have been decided with respect to this issue and the courts held in **State vs. wallace, 943 s.w. 2d 721 (mo.app.w.d. 1997)** that: Although failure of trial court to instruct on all lesser included offences supported by evidence is error, court is not obligated to charge jury with respect to include offence unless there is a basis for verdict acquitting defendant of offence charged and convicting him of included offence. Here, the issue revolves around one point: if evidence is adduced during the case in chief supporting a verdict for a lesser included offence, then it is reversible error not to so instruct. Conversely, if defense counsel adduced evidence or testimony, or even the state, that would support a conviction for a lesser included offence, and defense counsel fails to move the court to include that instruction for jury deliberation and/ or consideration, it constitutes ineffective assistance of counsel within the paramaters of **[Strickland vs. Washington, supra.]** A jury cannot consider a lesser included offence unless it is instructed to. Here, the jury was thrown into a dilema, evidence existed beyond a reasonable doubt that Frankie shot this man, but did he do so from a vehicle as is required to sustain a finding of guilt to the offence charged? If not, and they acquit, then a guilty man walks free. The jury was forced as a matter of conscience to convict as it

was apparent from the consistent testimony of the victim that it was in fact Frankie who shot him.   The controversy surrounded only the issue of whether or not the shots were fired from a vehicle, without the option of a lesser included offence to consider during their deliberation they were not given much choice.   Harm has resulted as Frankie was convicted of a class "Y" felony and a sentence was imposed that was more than the maximum allowed by law for a class "B" felony conviction. No competent attorney exercising reasonableness and rational thinking would have failed to request a lesser included offence of battery in the first degree and Frankie was prejudiced because of this and error exist constituting reversal of the conviction.

Respectfully Submitted,

Frankie Foreman Pro-se
Wrightsville Unit
P.O. Box 1000/112577
Wrightsville, AR 72183