FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 10 2002

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FRANKIE EVELYN FOREMAN                    PETITIONER
ADC # 112577

vs.                Case No. 4:02CV00338 HDY

LARRY NORRIS, Director,
Arkansas Department of Correction          RESPONDENT

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Comes respondent, Larry Norris, by and through counsel, Mark Pryor,

Attorney General, and Kelly K. Hill, Assistant Attorney General, and for his

response, states:

I.  Statement of Facts

Petitioner Foreman is a state prisoner currently serving a term of thirty

years in the respondent's custody as a result of his 1998 conviction for

unlawful discharge of a firearm from a vehicle in violation of Ark. Code

Ann. § 5-74-107 (Repl. 1993).   The record of his trial and sentencing

proceeding is attached as Respondent's Exhibit 1.

On direct appeal, Foreman argued that the trial court erred when it

refused to grant a mistrial based upon a Little Rock police officer's

testimony that he had "previous knowledge" of Foreman. *See* Resp. Ex. 1 at

194.  Specifically, Officer Mickey Stumbaugh testified that he responded to a shooting, which occurred at a Little Rock car wash.  Resp. Ex. 1 at 193. Stumbaugh further testified that, upon learning that Frankie Foreman was the shooter, he (Stumbaugh) "headed to the area where Mr. Foreman lived." Resp. Ex. 1 at 194.  Apparently explaining how he knew where Foreman lived, Stumbaugh then immediately stated, "I've had some previous knowledge of Mr. Foreman," and trial counsel sought a mistrial, arguing that this statement was an prejudicial comment on Foreman's character.  *Id.*  A copy of Foreman's appellate brief is attached as Respondent's Exhibit 2.  In an unpublished opinion, attached as Respondent's Exhibit 3, the Arkansas Court of Appeals affirmed Foreman's convictions.  *Foreman v. State,* CACR 98-1348, 2000 WESTLAW 236337 (Ark. App. Mar. 1, 2000).

Foreman filed a post-conviction petition pursuant to Ark. R. Crim. P. 37, and a supplemental petition styled "Additional Grounds in Rule 37 Petition."  In these pleadings, attached collectively as Respondent's Exhibit 4, Foreman raised three grounds for relief.  He asserted that counsel had rendered ineffective assistance in that he: 1) failed to argue that the nature of Foreman's crime was not gang-related and, therefore, was not consistent with the intent of the anti-gang-activity act under which he was charged, 2), did not subpoena a Little Rock police detective to discredit the victim with

2

the fact that he did not specifically tell the detective that Foreman was *in a car* when he shot the victim at the car wash, and 3) did not request an instruction on the offense of battery in the first degree. The circuit court denied the petition without a hearing in an order that was entered on August 24, 2000. A copy of the order is attached as Respondent's Exhibit 5.

Foreman filed a timely notice of appeal, but he failed to lodge the appellate record on time. Four days before the time to lodge the record was to expire, he filed a request for an extension of time in the circuit court. The circuit court did not receive the motion in a timely manner and did not act on it prior to expiration of Foreman's deadline for lodging the record in the appellate court. For that reason, he sought a belated appeal, explaining that after the time for lodging the record had expired, the circuit judge entered an order extending the time. The Supreme Court of Arkansas denied the belated appeal, holding that the order extending the time came too late and, therefore, was ineffective to extend the time. *Foreman v. State,* CR 01-505, 2001 WESTLAW 729307 (Ark. June 21, 2001). The court further held that, consistent with case law, Foreman was obligated to tender a partial record with the appellate court when it became apparent that the circuit court could not act on the extension motion prior to expiration of the deadline. A copy of the court's opinion is attached as Respondent's Exhibit 6. There are no

additional, non-futile state remedies by which Foreman can pursue the grounds upon which he seeks relief here.

## II. Reasons Why Relief Should Be Denied

In his pending petition, Foreman asserts the grounds that he asserted in his Rule 37 petition: that counsel rendered ineffective assistance in that he: 1) failed to argue that the nature of Foreman's crime was not gang-related and, therefore, was not consistent with the intent of the anti-gang-activity act under which he was charged, 2) did not subpoena a Little Rock police detective to discredit the victim with the fact that he did not specifically tell the detective that Foreman was *in a car* when he shot the victim at the car wash, and 3) did not request an instruction on the offense of battery in the first degree. All of Foreman's grounds are barred from review pursuant to the doctrine of procedural default because Foreman did not properly perfect his appeal from the denial of post-conviction relief. *See Williamson v. Jones,* 936 F.2d 1000, 1006 (8th Cir. 1991) ("[T]he petitioner's failure to pursue his or her claim in a state post-conviction appeal results in a procedural bar to federal habeas corpus relief."), cert. denied, 502 U.S. 1043 (1992).

In the alternative, the circuit court correctly determined that Foreman failed to establish, much less plead, that any real prejudice resulted from

counsel's alleged shortcomings. First, whether the nature of Foreman's crime was gang related is irrelevant to the question of whether he was guilty of violating Ark. Code Ann. § 5-74-107. It is not necessary for the state to produce any evidence of gang-related activity in order to sustain a conviction for the offenses contained within the statutory subchapter known as the Arkansas Criminal Gang, Organization, or Enterprise Act. *See McGhee v. State,* 330 Ark. 38, 42-43, 954 S.W.2d 206, 209 (1997). In light of this statement of Arkansas law, therefore, and in the face of the strong presumption that counsel's "conduct falls within the wide range of reasonable professional assistance," Foreman's first claim does not meet the deficient-performance prong of *Strickland v. Washington,* much less the actual-prejudice prong. *Strickland v. Washington,* 466 U.S. 668, 689 (1984).

Second, the victim, Patrick Donley's, alleged failure to tell police that Foreman was sitting in a vehicle when he shot Donley is simply not *inconsistent* with his detailed testimony about the shooting, specifically about the fact that Foreman was indeed in a vehicle when he shot Donley. It, therefore, would not have been permissible under Ark. R. Evid. 613 for counsel to have called the detective to impeach Donley with extrinsic information concerning what he simply may have omitted from his statement to the detective. *See* Ark. R. Evid. 613 (statement must be

5

inconsistent and denied before extrinsic evidence of it is admissible).
Moreover, Donley was thoroughly impeached with the fact that his previous
statement did not contain a specific reference to the fact that Foreman shot
from a vehicle; he was impeached further with extrinsic evidence concerning
his reputation for truthfulness, *and* the statement itself was introduced,
thereby negating the need for the detective. Resp. Ex. 1 at 134-38, 143-44,
201-03, 213-14. The detective, had he been called, could have done no more
than was done at trial to impeach Donley. Counsel, therefore, did not render
deficient performance in connection with this impeachment issue at all, and
his failure to issue a subpoena for the detective resulted in no prejudice to
Foreman. For that reason, Foreman could not meet the test of *Strickland* for
this claim of ineffective assistance, even if it were not independently barred
from review.

Third, and finally, even if Foreman could overcome the presumption
that counsel performed reasonably with respect to jury instructions, there is
simply no basis in the record for believing that, between a charge of battery
in the first degree (shooting and causing serious physical injury to Donley)
and a charge of unlawfully discharging a weapon from a vehicle (shooting
from a vehicle and causing serious physical injury to Donley), it is more
probable that a jury would have convicted Foreman of battery in the first

degree. That is, there is no reasonable probability that, had counsel sought and been given an instruction on battery in the first degree, the proceeding would have resulted in a conviction for battery and not unlawful discharge. Either way, the jury would have credited Donley's testimony that Foreman indeed shot him; in light of that belief, there is simply no factual basis to disbelieve him about whether a vehicle was involved. Again, Foreman's claim simply could not meet the *Strickland* test. The circuit court's disposition, therefore, is entitled to deference under 28 U.S.C. § 2254 (d).

WHEREFORE, the respondent prays that the Court deny Foreman's petition for a writ of habeas corpus without a hearing pursuant to Rule 8(a) of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Respectfully submitted:

OFFICE OF THE ATTORNEY GENERAL
323 Center Street, SUITE 200
Little Rock, AR  72201
(501) 682-2007
FAX: (501) 682-2083

By: _Kelly K. Hill_____

Kelly K. Hill
Attorney for Respondent
Ark. Bar No. 89-154

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed via U.S. Mail, postage prepaid, to Mr. Frankie Evelyn Foreman, A.D.C. No. 112577, Arkansas Department of Correction, Wrightsville Unit, Post Office Box 1000, Wrightsville, Arkansas 72183, on this 10th day of July, 2002.

Kelly K. Hill

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*