FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 09 2002

JAMES W. McCORMACK, CL
By:_____
                    DEP CL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANKIE EVELYN FOREMAN                         PETITIONER

VS.                          CASE NO. 4:02CV00338 HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction              RESPONDENT

## FINDINGS AND RECOMMENDATION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Frankie Evelyn Foreman, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his conviction following a 1998 jury trial in Pulaski County Circuit Court on the charge of unlawful discharge of a firearm from a vehicle. Petitioner was sentenced to 360 months' imprisonment. A direct appeal was unsuccessful. Petitioner subsequently sought postconviction relief pursuant to A.R.Cr.P. 37, alleging three instances of ineffective assistance of counsel. The trial court denied relief. Mr. Foreman filed a notice of appeal, but failed to lodge the appellate record on time. Four days before the time to lodge the record was to expire, the petitioner moved for an extension of time. The trial court did not receive the request in a timely manner and did not rule on the motion prior to the deadline for lodging the record. The petitioner sought a belated appeal, arguing that an extension of time was granted by the trial judge after the time for lodging the record had expired. The Arkansas Supreme Court denied the request for belated appeal, holding that the order extending the time

1

came too late.

In the petition now before the Court, the following grounds for relief are advanced:

1. He received ineffective assistance of counsel when his attorney failed to argue that the nature of Foreman's crime was not gang-related and, therefore, was not consistent with the intent of the anti-gang activity act under which he was charged;

2. He received ineffective assistance of counsel when his attorney did not subpoena a Little Rock police detective to discredit the victim with the fact that he did not specifically tell the detective that Foreman was *in a car* when he shot the victim at the car wash; and

3. He received ineffective assistance of counsel when his attorney did not request an instruction on the offense of battery in the first degree.

The respondent contends that all three grounds are procedurally defaulted due to the petitioner's failure to adequately pursue these claims in state court. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). The Court recognizes that the procedural default analysis can be used in this setting. It is not, however, mandatory to utilize such an approach. In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). In this instance, the Court finds it more efficient to proceed to the merits of the claims advanced by Mr. Foreman.

2

The petitioner first argues that his trial attorney was ineffective for failing to argue that the nature of the crime was not gang-related and, therefore, was not consistent with the intent of the anti-gang activity act under which he was charged. In order to prove ineffective assistance of counsel, petitioner must prove that (1) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (1983); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir. 1985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir. 1984); *Bell v. Lockhart*, 741 F.2d 1105, 1106 (8th Cir. 1984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 331.

The Court has carefully reviewed the trial transcript and finds the petitioner has not shown his trial counsel performed deficiently by failing to argue the intent of the statute. The record shows that petitioner was charged under Ark. Code Ann. §5-74-107. See Respondent's Exhibit 1 to Docket Entry no. 3, p. 20. The jury was instructed consistent with the statute. P. 221, Exhibit 1 to Docket Entry no. 3. Gang activity is not an element of the crime, and petitioner does not establish it was advisable for his counsel to inject the issue of gangs into the trial. Even if Mr. Foreman's counsel had chosen to introduce gang activity into the trial and been able to conclusively show the petitioner was not involved in any gang activity, this would not have

3

benefitted the petitioner. A strong argument could be made that proving petitioner was not involved in gang activities may have aroused suspicions among the jurors. In any event, we find trial counsel did not act unreasonably in choosing not to argue the intent of the statute. Thus, petitioner fails to establish the first prong of the *Strickland* analysis. Even if we were to assume error by the trial attorney in this regard, there is no showing that the second prong of *Strickland* has been satisfied. Stated another way, the outcome of the trial would not have been changed if petitioner's counsel had chosen the path urged by Mr. Foreman. There is no merit to the first claim of ineffective assistance of counsel.

The second ground for relief advanced by Mr. Foreman is that his attorney was ineffective for failing to subpoena a Little Rock police detective to discredit the victim with the fact that the victim did not specifically tell the detective that Mr. Foreman was *in a car* when he shot the victim. The *Strickland v. Washington* analysis, previously cited, applies to this claim. As with the first claim for relief, the petitioner fails to demonstrate his attorney acted unreasonably. The trial record shows that the victim, Patrick Donley, repeatedly testified that Mr. Foreman shot him while Foreman was in a vehicle at a car wash in Little Rock.[1] Mr. Donley acknowledged that his statement to the police, given just after he was shot, did not specifically indicate that Frankie Foreman was in a car at the time of the shooting. He further conceded that he did not tell the nurse at the hospital that Mr. Foreman was in a car. Thus, the jury knew that the victim's initial statements were that Frankie Foreman shot him but that these statements did

---

[1] According to Mr. Donley, "Frankie Foreman was sitting in his car when he shot me." Page 135, Exhibit 1 to Docket Entry 3.

4

not specify precisely where Foreman was at the time of the shooting.[2] The jury further knew that Donley was unequivocal at trial as to the shooter and the shooter's location at the time of the shooting. It was not unreasonable for Mr. Foreman's attorney to choose not to call a witness who would offer only cumulative testimony. Even if we were to assume attorney error in failing to call the detective, no prejudice resulted from the omission. The transcript shows the victim was unwavering in identifying Mr. Foreman as the shooter. At most, the testimony of the detective would have reiterated that the victim didn't give all the details immediately after he was shot from close range. The pivotal testimony against Mr. Foreman would not have been challenged even if the detective had testified as described by the petitioner. There is no merit to his second claim of ineffective assistance of counsel.

The final ground pressed by Mr. Foreman is that his attorney failed by not requesting an instruction on the offense of battery in the first degree. We again apply The *Strickland v. Washington* standard in this case, and find no merit to this claim. Mr. Foreman can show no prejudice even assuming it was error to not request an instruction on battery in the first degree. The jury was instructed on two offenses: unlawful discharge of a firearm from a vehicle in the first degree, and the lesser included offense of unlawful discharge of a firearm from a vehicle in the second degree. Respondent's Exhibit 1 to Docket Entry no. 3, pp. 219-222. The evidence adduced at trial supported the jury's verdict on the charge of unlawful discharge of a firearm from a vehicle in the first degree. The jury's verdict reflects a finding that Mr. Foreman "knowingly" shot the victim; if the jury had determined the act was "recklessly" done, the second

---

[2]The victim explained that his initial statements were very brief due to the extent of his injuries. "I probably was halfway dead." Exhibit 1 to Docket Entry No. 3, p. 133. Mr. Donley was hospitalized over a month following the crime.

5

degree of the crime would have been appropriate. The evidence adduced at trial supported the crime for which Mr. Foreman was convicted, and there is no plausible reason to believe an instruction to the jury for battery in the first degree would have changed the outcome of the trial.

In summary, the petitioner fails to demonstrate that any of his three claims for relief are meritorious. The record shows Mr. Foreman's trial counsel to zealously represent his client in the face of a difficult factual scenario. The positive identification of the petitioner as the perpetrator from only moments after the crime occurred was the strongest evidence against Mr. Foreman. His conviction resulted from the evidence, not from any attorney error.

Based upon the foregoing, we recommend the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

IT IS SO ORDERED this 6 day of September, 2002.

_____
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES MAGISTRATE JUDGE**
UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF ARKANSAS**
UNITED STATES COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 442
LITTLE ROCK, ARKANSAS 72201

H. DAVID YOUNG
UNITED STATES MAGISTRATE JUDGE

September 9, 2002

(501) 604-5180
FAX (501) 604-5377

Mr. Frankie Evelyn Foreman
ADC # 112577
Wrightsville Unit
P.O. Box 1000
Wrightsville, AR 72183

Re: *Foreman v. Norris*
Case No. 4:02CV00338

Dear Mr. Foreman:

Attached is a copy of the Findings and Recommendation I have submitted to United States District Judge Susan Webber Wright with respect to disposition of this case.

Any party may serve and file written objections to this recommendation. Objections should be specific, and should include the factual and legal basis for the objection. An original and two copies of your objections must be received by the United States District Court Clerk within eleven days of the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation, and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the magistrate judge is inadequate.

2. Why the evidence to be proffered at the hearing before the district judge (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

Mr. Frankie Evelyn Foreman
Page 2

3. The details of any testimony desired to be introduced at the hearing before the district judge in the form of an offer of proof, and a copy, or the original, of any documentary or other nontestimonial evidence desired to be introduced at the hearing before the district judge.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing, either before the magistrate judge or before the district judge.

Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol Avenue, Suite 402
>	Little Rock, Arkansas   72201-3325

Very truly yours,

*/s/ H. David Young*

H. David Young
United States Magistrate Judge

HDY/dw
Enclosures/as

cc:	The Honorable Susan Webber Wright, United States District Judge
	Kelly K. Hill, Assistant Attorney General
	File